**Skender FICI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**90 Civ 1840 (VLB).**

United States District Court,
S.D. New York.

Nov. 15, 1994.

---

Murray Richman, Bronx, NY, for petitioner.

Seth C. Farber, Asst. U.S. Atty., New York City, for U.S.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

**I**

Skender Fici has moved under 28 USC 2255 to vacate his sentence to 40 years' imprisonment, a lifetime special parole term and fines of $125,000 because of alleged errors in his presentence report and lack of adequate assistance of counsel.

As set forth in my memorandum orders of April 19, 1991 and August 20, 1992 denying earlier requests to modify petitioner's sentence, the sentence I imposed was based exclusively on the proof at trial and not on anything contained in the presentence report. Accordingly, there is no basis for altering the sentence on account of any errors in the presentence report.

My ruling of April 19, 1991 was affirmed by the Court of Appeals on December 3, 1991, *Fici v. United States,* No 91–2300, 953 F.2d 635 (Table); my ruling of August 20, 1992 was affirmed on October 20, 1993 in *Fici v. United States,* No 93–2018, 9 F.3d 1537 (Table). In the latter decision, the Court of Appeals stated that I would have jurisdiction should a further § 2255 motion be filed, to entertain an application concerning the presentence report under Fed. R.Crim.P. 32(c)(3)(D).

**II**

Fed.R.Crim.P. 32(c)(3)(D) permits the court to modify controverted portions of a presentence report, or in the alternative to make "a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." I make the latter determination pursuant to Fed.R.Civ.P. 32(c)(3)(D)(ii).

To attempt to reconstruct the accuracy or inaccuracy of controverted aspects of the presentence report at this time would be both difficult and nonproductive; the trial evidence and its reflection in the actual sentence, rather than the presentence report, is the proper reliable source of relevant information. The Bureau of Prisons will receive a copy of this memorandum order, and consequently will be aware that portions of the presentence report have been controverted, that the controversy has not been resolved, that my evaluation of the appropriate sentence was based on the evidence adduced at trial.

SO ORDERED.